Honorable Ricardo S. Martinez

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9

ROBERT BOULE,

10                                                    No. 2:17-cv-00106-RSM

                        Plaintiff,

11                                                    AGENT EGBERT'S ANSWER,
                                                      AFFIRMATIVE DEFENSES, &
        v.                                            COUNTERCLAIMS TO PLAINTIFF'S
12                                                    COMPLAINT

13   ERIK EGBERT and JANE DOE EGBERT
     and their marital community,

14                                                    JURY DEMAND

                        Defendants.

15

16   ERIK EGBERT,

17
                        Counterclaimant,

18

        v.

19

20   ROBERT BOULE,

21
                        Counterdefendant.

22

        United States Border Patrol Agent Erik Egbert answers Plaintiff Robert Boule's

23

Complaint as follows:

24
                                    **ANSWER**

25
     1.     The averments in paragraph 1 of the Complaint are admitted.

26

AGENT EGBERT'S ANSWER, AFFIRM. DEFENSES, &
COUNTERCLS. TO PL.'S COMPL. (No. 2:17-cv-00106-RSM) - 1

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

2.      In answer to paragraph 2 of the Complaint, it is admitted that Agent Egbert was an agent and employee of the United States at the time of the alleged events. It is further admitted that Agent Egbert was acting within the course and scope of his employment and under color of law in his capacity as a Border Patrol Agent at all relevant times on March 20, 2014, and at times relevant to certain claims in Plaintiff's Complaint. By way of further answer, except as specifically admitted in this Answer, it's denied that the alleged events occurred.

3.      The averments in paragraph 3 of the Complaint are denied. By way of further answer, except as specifically admitted in this Answer, it's denied that the alleged acts occurred.

4.      In answer to paragraph 4 of the Complaint, it is admitted only that the Complaint alleges acts occurring in the geographic boundaries of the Western District of Washington. Except as specifically admitted in this Answer, it's denied that the alleged acts occurred.

5.      The averments in paragraph 5 of the Complaint are admitted.

6.      In answer to paragraph 6 of the Complaint, it's admitted only that this Court has subject-matter jurisdiction. All other averments in paragraph 6 of the Complaint, including the averment that 42 U.S.C. §§ 1983 and 1988 apply to this action, are denied.

7.      The averments in paragraph 7 of the Complaint are admitted.

8.      In answer to paragraph 8 of the Complaint, it's admitted that Agent Egbert was acting under color of law in his capacity as a Border Patrol Agent at all relevant times on March 20, 2014. It's also admitted that Agent Egbert contacted an alien who was seated in a vehicle parked in Plaintiff's driveway on that date. All other averments in paragraph 8 of the Complaint are denied.

9.      The averments in paragraph 9 of the Complaint are denied.

10.      The averments in paragraph 10 of the Complaint are denied.

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

11.     In answer to paragraph 11 of the Complaint, it's admitted that Agent Egbert briefly detained an alien seated in a vehicle parked in Plaintiff's driveway. All other averments in paragraph 11 of the Complaint are denied.

12.     In answer to paragraph 12 of the Complaint, it's admitted that Plaintiff falsely claimed the alien cleared Customs at Seattle-Tacoma International Airport and eventually asked Agent Egbert to call a supervisor. All other averments in paragraph 12 of the Complaint are denied. By way of further clarification, it's also specifically denied that Agent Egbert "stopped" Plaintiff.

13.     The averments in paragraph 13 of the Complaint are denied.

14.     The averments in paragraph 14 of the Complaint are denied.

15.     In answer to paragraph 15 of the Complaint, it's admitted that Agent Egbert briefly detained the alien and examined his passport. By way of further answer, it's admitted that Plaintiff refers to his residence as a "bed and breakfast." All other averments in paragraph 15 of the Complaint are denied.

16.     In answer to paragraph 16 of the Complaint, it's admitted that Plaintiff complained to Agent Egbert's supervisor, who didn't find Plaintiff's allegations credible. It's also admitted that Agent Egbert has been disciplined by his employer, but not for his interaction with Plaintiff on March 20, 2014. All other averments in paragraph 16 of the Complaint are denied.

17.     The averments in paragraph 17 of the Complaint are denied.

18.     The averments in paragraph 18 of the Complaint are denied.

19.     In answer to paragraph 19 of the Complaint, it's admitted that some of the claims in Plaintiff's Complaint relate to conduct that occurred in the performance of Agent Egbert's official duties. All other averments in paragraph 19 are denied, and it's specifically denied that Agent Egbert engaged in any "unconstitutional acts."

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

20.     The averments in paragraph 20 of the Complaint are denied.

21.     The averments in paragraph 21 of the Complaint are denied.

22.     The averments in paragraph 22 of the Complaint are denied.

23.     The averments in paragraph 23 of the Complaint are denied.

24.     The averments in paragraph 24 of the Complaint are denied.

25.     The averments in paragraph 25 of the Complaint are denied.

26.     The averments in paragraph 26 of the Complaint are denied.

27.     The averments in paragraph 27 of the Complaint are denied.

28.     The averments in paragraph 28 of the Complaint are denied.

### ANSWER TO "PRAYER FOR RELIEF"

It's denied that Plaintiff is entitled to any of the relief requested in his Complaint.

### DENIAL OF LIABILITY

Except as specifically admitted above, all of Plaintiff's allegations are denied. Any liability to Plaintiff is denied.

### AFFIRMATIVE DEFENSES

By way of further answer and as defenses to the Complaint, but without conceding that he has the burden of proof as to any issue, Agent Egbert asserts the following defenses:

1.     The Complaint fails, in part, to state a claim upon which relief can be granted.

2.     Plaintiff's alleged injuries and damages were caused or contributed to by his own fault, and any judgment against Agent Egbert must be reduced proportionately.

3.     Plaintiff's alleged injuries and damages were caused by his gross negligence.

4.     Plaintiff's alleged injuries and damages were caused by his wanton and willful misconduct, including his unlawful attempt to obstruct Agent Egbert's investigation.

5.     Plaintiff assumed the risk of harm.

AGENT EGBERT'S ANSWER, AFFIRM. DEFENSES, &
COUNTERCLS. TO PL.'S COMPL. (No. 2:17-cv-00106-RSM) - 4

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

6.      Some or all of Plaintiff's symptoms and conditions might relate to a pre-existing or subsequent illness, injury, or condition.

7.      Plaintiff failed to mitigate his alleged injuries and damages.

8.      Agent Egbert's actions were reasonable and justified under the circumstances.

9.      Agent Egbert's actions were privileged and, therefore, cannot be the basis for liability.

10.     Some of Plaintiff's claims are precluded by 28 U.S.C. § 2679.

11.     Agent Egbert has qualified immunity under Washington law.

12.     Agent Egbert has qualified immunity under federal law.

13.     Agent Egbert has statutory immunity under RCW 4.24.510.

14.     Some of Plaintiff's claims or causes of action are barred by the Public Duty Doctrine.

15.     Agent Egbert reserves the right to amend his Answer to assert additional affirmative defenses revealed in the course of investigation and discovery.

By way of further answer and as counterclaims against Plaintiff, Agent Egbert asserts as follows:

## COUNTERCLAIM FOR MALICIOUS PROSECUTION

1.      Agent Egbert and Plaintiff are named parties in the above-captioned action. The Court has personal jurisdiction and subject-matter jurisdiction, and venue is proper.

2.      At all relevant times on March 20, 2014, Agent Egbert was a "law enforcement officer" within the meaning and spirit of RCW 4.24.350 and was acting under color of law in his capacity as a Border Patrol Agent.

3.      As a Border Patrol Agent, Agent Egbert has the authority to contact any alien regarding the right to be in or remain in the United States.

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

4.     As a Border Patrol Agent, Agent Egbert is authorized to enter onto private property near the border without a warrant.

5.     Agent Egbert knew prior to March 20, 2014, that there had been numerous illegal border crossings from and to Plaintiff's property, the "Smuggler's Inn," which is situated on the border between the United States and Canada.

6.     On March 20, 2014, Agent Egbert learned that an alien arriving at the Smuggler's Inn that day might be a person of interest to the Border Patrol. He attempted to contact the alien outside the Smuggler's Inn.

7.     Agent Egbert's purpose was to determine if the alien was legally in the United States and to try to ascertain whether the alien might be attempting to cross the border illegally and, if so, why.

8.     Plaintiff repeatedly and intentionally attempted to impede Agent Egbert from contacting the alien and conducting an investigation.

9.     When Agent Egbert attempted to open the vehicle door, Plaintiff physically and intentionally blocked the door from opening and repeatedly told Agent Egbert that he did not want Agent Egbert to speak with the alien.

10.     During this interaction, Agent Egbert's arm might have brushed against Plaintiff. Agent Egbert did not, however, shove Plaintiff into the vehicle or onto the ground or otherwise use any force against him. Plaintiff did not fall and did not appear to be injured at all.

11.     Plaintiff commenced this lawsuit based on numerous falsehoods, including the false allegations that Agent Egbert "forcibly stopped" two of Plaintiff's vehicles, that his entry onto Plaintiff's property was without "legal authority," and that he "shoved Plaintiff into the side of the vehicle and onto the ground." These and other allegations in Plaintiff's Complaint are false, and Plaintiff knows they are false.

AGENT EGBERT'S ANSWER, AFFIRM. DEFENSES, &
COUNTERCLS. TO PL.'S COMPL. (No. 2:17-cv-00106-RSM) - 6

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

12.     Plaintiff's lawsuit is unfounded, malicious, and without probable cause.

13.     Pursuant to RCW 4.24.350, Agent Egbert is entitled to actual damages in an amount to be proven at trial or $1,000 in liquidated damages, together with his reasonable attorney's fees and other litigation costs.

## ANTI-SLAPP COUNTERCLAIM

1.     Some of Plaintiff's "guests" have illegally crossed the border into Canada from his property. In fact, Plaintiff has seen his "guests" arrested in Canada and has reported it is common for his "guests" to disappear during their stay.

2.     In December 2011, Plaintiff personally drove a woman named Jasmin Klair from a Pizza Hut restaurant in Bellingham to his property. Upon arrival at his property, Plaintiff and Ms. Klair were contacted by federal agents, and Ms. Klair was found to be in possession of a large amount of cocaine she intended to smuggle into Canada.

3.     On other occasions, authorities have apprehended persons attempting to smuggle drugs, such as ecstasy, into the United States via Plaintiff's property.

4.     Plaintiff markets his business as the "Smuggler's Inn."

5.     Plaintiff obtained from the Department of Licensing and, for years, used on one of his vehicles a personalized license plate that read "SMUGLER." Plaintiff has transported guests in a vehicle bearing this license plate.

6.     Prior to the commencement of this lawsuit, Agent Egbert contacted the Internal Revenue Service and other government agencies to pass along a news article that suggested Plaintiff might be associated with illegal activity, such as smuggling.

7.     Such matters were reasonably of concern to the government agencies and were communicated in good faith.

AGENT EGBERT'S ANSWER, AFFIRM. DEFENSES, &
COUNTERCLS. TO PL.'S COMPL. (No. 2:17-cv-00106-RSM) - 7

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

8.      Plaintiff's lawsuit was instituted because of Agent Egbert's communications with government agencies. In fact, the lawsuit includes some claims expressly based on these communications.

9.      Pursuant to RCW 4.24.510, Agent Egbert is immune from civil liability and is entitled to statutory damages of $10,000, together with his reasonable attorney's fees and other litigation costs.

## PRAYER FOR RELIEF

Agent Egbert prays for the relief as follows:

1.      Dismissal of Plaintiff's action with prejudice;

2.      An award to Agent Egbert of liquidated damages in the amount of $1,000 pursuant to RCW 4.24.350;

3.      An award to Agent Egbert of statutory damages in the amount of $10,000 pursuant to RCW 4.24.510;

4.      An award to Agent Egbert of other damages in an amount to be proven at trial;

5.      An award to Agent Egbert of his attorney's fees and costs pursuant to RCW 4.24.350, RCW 4.24.510, or other applicable law; and

6.      Any other relief the Court deems just and equitable.

## JURY DEMAND

Agent Egbert demands trial by jury.

AGENT EGBERT'S ANSWER, AFFIRM. DEFENSES, &
COUNTERCLS. TO PL.'S COMPL. (No. 2:17-cv-00106-RSM) - 8

LAW OFFICES OF
MILLS MEYERS SWARTLING P.S.
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1   DATED: June 19, 2017

2                               MILLS MEYERS SWARTLING P.S.
                                Attorneys for Agent Erik Egbert
3

4                       By:   *s/Geoffrey M. Grindeland*
                              Geoffrey M. Grindeland, WSBA No. 35798
5                             Nikki C. Carsley, WSBA No. 46650
                              Mills Meyers Swartling P.S.
6                             1000 2nd Avenue, 30th Floor
                              Seattle, WA  98104
7                             Telephone: (206) 382-1000
                              Fax: (206) 386-7343
8                             E-mail: ggrindeland@millsmeyers.com
                                     ncarsley@millsmeyers.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AGENT EGBERT'S ANSWER, AFFIRM. DEFENSES, &
COUNTERCLS. TO PL.'S COMPL. (No. 2:17-cv-00106-RSM) - 9

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Breean Lawrence Beggs: bbeggs@pt-law.com, lswift@pt-law.com

Gregory Donald Boos: gdboos@cascadia.com

W. Scott Railton: srailton@cascadia.com

I further certify that I mailed a true and correct copy of the foregoing to the following non-CM/ECF participants by U.S. Mail:

N/A

DATED: June 19, 2017

_s/Karrie Fielder_
Karrie Fielder

AGENT EGBERT'S ANSWER, AFFIRM. DEFENSES, &
COUNTERCLS. TO PL.'S COMPL. (No. 2:17-cv-00106-RSM) - 10

LAW OFFICES OF
**MILLS MEYERS SWARTLING P.S.**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON  98104
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343