JUDGE RICARDO S. MARTINEZ

BREEAN L. BEGGS, WSBA # 20795
PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Ste. 560
Spokane, WA  99201
(509) 232-7760

GREG BOOS, WSBA #8331
W. SCOTT RAILTON, WSBA #28413
Cascadia Cross-Border Law
1305 11th St., Ste. 301
Bellingham, WA  98225
(360) 671-5945

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT BOULE,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIK EGBERT and JANE DOE EGBERT and their marital community,<br><br>    Defendants. | NO. 2:17-CV-00106-RSM<br><br>AMENDED COMPLAINT FOR DAMAGES |

   Comes now Plaintiff Robert Boule, by and though his attorneys and complains and alleges as follows:

  1.  Plaintiff Robert "Bob" Boule at all times material to this action resided in Whatcom County, within the Western District of Washington.

AMENDED COMPLAINT FOR DAMAGES • Page 1

2. At all times material hereto, Defendant Erik Egbert was an agent and employee of the United States, who, at the time of the events complained of herein, was acting within the course and scope of his employment by the federal government and under the color of federal law.

3. At all times material hereto, Defendants Erik Egbert and Jane Doe Egbert constituted a marital community under the laws of the State of Washington.  All acts alleged by Defendant Erik Egbert herein were made on behalf of and for the benefit of the Egbert marital community and thus the marital community is liable for those acts.

4. All acts complained of occurred in the Western District of Washington State.

5. Venue is proper in the United States District Court for the Western District of Washington.

6. Jurisdiction is proper in the United States District Court pursuant to, but not limited to, Title 42, United States Code §§ 1983 & 1988; and, Title 28 USC §1331 and §1367.

7. This court has personal and subject matter jurisdiction.

8. On March 20, 2014, Defendant Erik Egbert acting under color of law on behalf of the United States Customs and Border Protection ("Border

AMENDED COMPLAINT FOR DAMAGES • Page 2

Patrol") forcibly stopped, detained, or otherwise intercepted two of Plaintiff's vehicles within Plaintiff's private property while Plaintiff and his employees were transporting the vehicles and a passenger on a private driveway towards Plaintiff's residence.

9.   Upon belief, previous to March 20, 2014, Defendant Egbert had been instructed by his superiors not to enter Plaintiff's property without specific permission except in an emergency.

10.   Defendant's entry onto the property was made without explicit or implied permission, without a warrant or probable cause and without articulable reasonable suspicion of criminal activity, or other legal authority.  Nor did Defendant articulate an emergency that would overcome the previous instruction by his superiors not to enter the property.

11.   Defendant's temporary seizure of Plaintiff's two vehicles was made without a warrant or probable cause and without articulable reasonable suspicion of criminal activity, or other legal authority.

12.   After Defendant pulled into Plaintiff's driveway to stop, detain, or otherwise intercept Plaintiff, his employees, his vehicles and/or his guest, Plaintiff explained to Defendant that he was transporting a guest who had

AMENDED COMPLAINT FOR DAMAGES • Page 3

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
(509) 232-7760

cleared United States Customs at John F. Kennedy International Airport and further requested that Defendant contact his supervisor.

13.   Defendant demanded that Plaintiff's guest leave the vehicle and allow it to be searched.  Plaintiff refused the request.

14.   Defendant shoved Plaintiff into the side of the vehicle and onto the ground; Plaintiff rose to his feet and called 911 at which time Defendant shoved Plaintiff onto the hood of the vehicle.  Defendant's actions caused Plaintiff serious bodily injury.  Plaintiff's injuries included right shoulder and back injuries that caused symptoms of left arm and left leg numbness, back pain, left hip displacement, lack of mobility, pain and suffering, emotional distress and loss of enjoyment of life.

15.   Defendant seized Plaintiff's guest from the vehicle and examined the guest's passport before allowing Plaintiff and his guest to proceed to Plaintiff's residence, which also operated as a bed and breakfast.

16.   Plaintiff complained to Defendant's superiors at the Border Patrol and upon belief Defendant was investigated and disciplined for misconduct. Subsequent to Plaintiff filing his complaint against Defendant, Plaintiff suffered retaliation, which upon belief was instigated by Defendant.

AMENDED COMPLAINT FOR DAMAGES • Page 4

17. Upon belief, the retaliation instigated by Defendant included but was not limited to intimidation and slander to potential guests causing them to refrain from staying at the bed and breakfast, unsubstantiated complaints to the Internal Revenue Service that Plaintiff had not properly accounted for income received, intentionally parking marked enforcement vehicles near the bed and breakfast for no legitimate purpose in order to discourage business, unjustified complaints to other regulatory agencies, and detaining Mr. Boule's employees for questioning without legal justification.

18. Defendant's actions deprived Plaintiff of his federally protected rights under the Fourth, First and Fourteenth Amendments of the United States Constitution to be free from unlawful entry onto his property, unlawful seizure of his person and property, excessive force, and retaliation for free expression and petitioning his government for redress of grievances.

19. Defendant's unconstitutional acts against Plaintiff were made under color of federal law related to Defendant's service in the United States Border Patrol.

20. Pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff is entitled to a monetary remedy

AMENDED COMPLAINT FOR DAMAGES • Page 5

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
(509) 232-7760

for the deprivation of his federal constitutional rights made under color of federal law as set out in this complaint similar to damages under 42 U.S.C. Section 1983 for deprivation of federal rights under color of state law.

21. Defendant's actions in depriving Plaintiff of his federal civil rights set forth above were done intentionally, maliciously, wantonly, oppressively, and/or with reckless indifference, subjecting the Defendant to liability for punitive damages in an amount to be proven at trial.

22. In the alternative, Defendant Egbert's actions in injuring Plaintiff and damaging his business interests were conducted negligently and unreasonably in breach of his duty of reasonable care owed to Plaintiff under state law.

23. As a direct and proximate result of Defendants' unreasonable and unconstitutional conduct, Plaintiff sustained injuries and damages in an amount to be proven at trial.

24. As a direct and proximate result of the facts and illegal acts of Defendant as alleged herein, Plaintiff sustained personal injuries described above in an amount to be proven at trial.

AMENDED COMPLAINT FOR DAMAGES • Page 6

25.   As a direct and proximate result of the facts and illegal acts of Defendant as alleged herein, Plaintiff has suffered and may in the future continue to suffer the loss of enjoyment of life, pain, mental anguish, mental injury and suffering and a loss of reputation in an amount to be proven at trial.

26.   As a direct and proximate result of the facts and illegal acts of Defendant as alleged herein, Plaintiff has suffered and may in the future continue to suffer the loss of income in an amount to be proven at trial.

27.   As a direct and proximate result of the facts and illegal acts of Defendant as alleged herein, Plaintiff has incurred and may incur in the future medical treatment costs in an amount to be proven at trial.

28.   As a direct and proximate result of the facts and illegal acts of Defendant as alleged herein, Plaintiff has incurred consequential damages in an amount to be proven at trial, including but not limited to accounting services to respond to the complaint to the Internal Revenue Service.

<u>PRAYER FOR RELIEF</u>

Plaintiff, Robert Boule, requests a judgment against Defendants, and each of them, jointly and severally, as follows:

A. General damages in an amount to be determine at trial.

B. Special damages in an amount to be determined at trial.

AMENDED COMPLAINT FOR DAMAGES • Page 7

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
(509) 232-7760

C. Punitive and exemplary damages in an amount deemed just and reasonable as provided by law.

D. Plaintiff's reasonable attorney fees and costs, pursuant to 42 USC §1988 and/or 28 USC §2412(b), or as otherwise provided by law.

E. For such other and further relief as the court deems just and equitable.

DATED this 6th day of September, 2017.

PAUKERT & TROPPMANN, PLLC


s/ BREEAN L. BEGGS, WSBA #20795
BREEAN L. BEGGS, WSBA #20795


CASCADIA CROSS-BORDER LAW


s/ GREG BOOS, WSBA #8331
GREG BOOS, WSBA #8331

S/ W. SCOTT RAILTON, WSBA #28413
W. SCOTT RAILTON, WSBA #28413

AMENDED COMPLAINT FOR DAMAGES • Page 8

CERTIFICATE OF SERVICE:

I hereby certify that on the 6$^h$ day of September, 2017, I electronically filed and served a copy of this document using the CM/ECF filing system which will send notification of such filing to the following:

Breean Lawrence Beggs     bbeggs@pt-law.com, hhoffman@pt-law.com

W Scott Railton   srailton@cascadia.com

Gregory D. Boos  gdboos@cascadia.com

Geoffrey M. Grindeland  ggrindeland@millsmeyers.com,

kfielder@millsmeyers.com

Nikki C. Carsley  ncarsley@millsmeyers.com,

aarmitage@millsmeyers.com, mrussell@millsmeyers.com


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

s/Breean L. Beggs
Breean L. Beggs, WSBA #20795

AMENDED COMPLAINT FOR DAMAGES • Page 9

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
(509) 232-7760