LAW OFFICES OF
# Mills Meyers Swartling P.S.

Nikki C. Carsley
ncarsley@millsmeyers.com
(206) 812-7486

1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WA  98104

Reception
(206) 382-1000

Facsimile
(206) 386-7343

January 26, 2018

**VIA E-MAIL**

Breean L. Beggs
Paukert & Troppmann, PLLC
522 W Riverside Ave, Ste 560
Spokane, WA  99201

Greg Boos & Scott Railton
Cascadia Cross-Border Law
1305 11th St, Ste 301
Bellingham, WA  98225

Re:   *Boule v. Egbert, et al.*
      U.S. District Court for the Western District of Washington
      Case No. 2:17-cv-00106-RSM
      Supplementation of Plaintiff's discovery responses

Dear Counsel,

I write to request supplementation of Mr. Boule's discovery responses as outlined below. Are you available for a discovery conference by telephone on Wednesday, January 31, at 10:00 a.m. to discuss? Unless I hear otherwise from you, I will call Breean then.

**Initial Disclosure**
Please supplement this incomplete disclosure. Please state the "other pertinent matters" Special Agent Barnett has discoverable information about.

In addition, please provide a computation of each category of damages Mr. Boule claims. In other words, please set forth how Mr. Boule calculated his alleged business-expectancy loss and medical specials. Please also provide the amount of and calculation for the future-treatment costs and diminished-earning capacity Mr. Boule claims, as well as any other category of damages claimed. Please provide copies of supporting documents not already produced. If the supporting documents have already been produced, please identify which documents each computation is based on.

**Interrog. No. 1 – Names**
Please provide any responsive information Mr. Boule is withholding due to "restrictions placed on [him] by the United States government." A plaintiff cannot evade discovery obligations by voluntarily entering an agreement with a nonparty.

# EXHIBIT D

**Interrog. No. 2 – Residences**
Please fully identify each person who has lived with Mr. Boule since January 1, 2007, including first and last name and last-known address, e-mail, and phone number.

**Interrog. No. 3 – Family**
Please fully identify all persons listed in response to this interrogatory, including last-known address, e-mail, and phone number.

**Interrog. No. 4 – Work History**
Please supplement this incomplete response. Please fully identify the Boy Scouts of America Foundation, including its address and telephone number. In addition, are the amounts listed for Sun News, Jade East Co., and Chief Wenatchee annual salaries? If so, did Mr. Boule's salary at these companies change over the course of his employment?

Please also provide any responsive information Mr. Boule is withholding due to "restrictions placed on [him] by the United States government." A plaintiff cannot evade discovery obligations by voluntarily entering an agreement with a nonparty.

**Interrog. No. 5 – Businesses**
Please provide the full legal name of the Smuggler's Inn and Classic Limousines.

**Interrog. No. 6 – Education**
Please state any degrees, honors, or awards Mr. Boule earned at Central Washington University.

**Interrog. No. 8 – Claims for Damages**
Please clarify your response. Has Mr. Boule asserted any claims for damages that didn't result in a lawsuit? If so, please identify the parties (*i.e.*, provide their names, addresses, and phone numbers) and describe the disposition of the claim.

**Interrog. No. 10 – Kaya Fikret**
Please supplement this incomplete response. When was Mr. Fikret's reservation made? When did he pay for his room and transportation? Where was he transported by Mr. Boule or Smuggler's Inn employees? What was the reason for his stay?

**Interrog. No. 11 – Injuries**
Please supplement this incomplete response. Mr. Boule's reference to almost 1000 pages of records is not responsive. Please list and describe in detail each injury Mr. Boule allegedly sustained because of the subject incident. For each injury/condition listed, which healthcare provider has treated Mr. Boule for that condition and what were the dates and cost of the treatment? Has the condition resolved?

Breean L. Beggs, Greg Boos, & Scott Railton
January 26, 2018
Page - 3

### Interrog. No. 12 – Impairment
For each impairment listed, please specify which healthcare provider diagnosed or treated the impairment.

### Interrog. No. 14 – Lost Income
Please supplement this incomplete response. For any income loss Mr. Boule is seeking to recover in this case, please provide the dates he allegedly sustained or will sustain a loss of income, the amount of the loss, and the source from which the income would have been obtained.

### Interrog. No. 17 – Disability
Please supplement this incomplete response. Please explain the medical conditions that led Mr. Boule to apply for Social Security Disability and identify the physician who "believed [he] would be eligible" and the physician who determined he was disabled. Has Mr. Boule ever applied for worker's compensation benefits?

### Interrog. No. 18 – Employees
Please supplement this incomplete response. Unless it's set forth in Mr. Boule's Initial Disclosure, please provide the missing contact information for each person listed. In addition, please provide each person's dates of employment.

For the "approximately 35 others [who] worked a few days on contract," please provide their names and the rest of the requested information.

### Interrog. No. 19 – Persons Who Have Crossed Border
Please supplement this incomplete response and identify all persons known to Mr. Boule who have crossed the border into Canada or the United States via his property since January 1, 2009. For each person, state the date of the border crossing and provide whatever other information he knows.

### Interrog. No. 20 – Persons Arrested
Please clarify your response. Other than the three individuals listed, is Mr. Boule aware of any other persons who have been detained or arrested in/near his vehicles or on/near his property since January 1, 2009? For each person, state the date of the arrest or detention and provide whatever other information he knows.

### Interrog. No. 21 – Advertisements
Please clarify your response. Other than in Point Roberts Press and other local newspapers and publications, has Mr. Boule or the Smuggler's Inn placed any other print advertisements since January 1, 2009? If so, please describe the other print advertisements, including the content and when, where, and with whom the advertisements ran.

Breean L. Beggs, Greg Boos, & Scott Railton
January 26, 2018
Page - 4

In addition, other than the website found at www.smugglersinnblaine.com, has Mr. Boule or the Smuggler's Inn placed any other online advertisements since January 1, 2009? If so, please describe the other online advertisements, including the content and when, where, and with whom the advertisements ran.

**RFP No. 2 – Social-Media Accounts**
Please clarify your response. Has Mr. Boule maintained any social-media accounts for himself since January 1, 2012? If so, please produce a copy of his profile page and all posting since January 1, 2012. In addition, are there any other social-media accounts for the Smuggler's Inn? If so, please produce the same documents.

**RFP No. 3 – Your Thoughts and Experiences**
Please clarify your response. Are there any other documents reflecting Mr. Boule's thoughts or experiences relating to the subject encounter or his claimed injuries and damages that haven't been produced? If so, please produce those documents.

**RFP No. 6 – Documents Relating to Kaya Fikret**
Please clarify your response. Are there any other documents relating to Mr. Fikret, his transportation, or his stay at the Smuggler's Inn, such as text messages, guest-registration paperwork, receipt of payment, etc.? If so, please produce those documents.

**RFP Nos. 9 and 10 – Communications and Documents Exchanged with United States**
Please supplement these incomplete responses. Please provide any responsive documents Mr. Boule is withholding on the basis that production is "otherwise prohibited in United States government rules." A plaintiff cannot evade discovery obligations by voluntarily entering an agreement with a nonparty.

In addition, please produce unredacted copies of the text messages and e-mail communications or produce a privilege log that contains sufficient detail to permit a full determination of whether the claimed privilege is valid. In other words, please identify the name of the author and recipient of each communication. In addition, please state the specific privilege claimed. It is inadequate to state that Mr. Boule's redactions are based on or "presumably" based on "restrictions placed by the United States Government." There's not a recognized privilege for any restrictions allegedly placed by a nonparty.

If Mr. Boule continues to refuse production, please explain with specificity the "United States government rules" and the government "restriction" he claims prohibit production.

**RFP No. 13 – Documents Related to Government Inquiries**
Please confirm whether this response is complete. Mr. Boule produced document titled "List of Agencies Examining Plaintiff at Instigation of Defendant Egbert" with his Initial Disclosure.

Breean L. Beggs, Greg Boos, & Scott Railton
January 26, 2018
Page - 5

However, Mr. Boule's response to RFP No. 13 doesn't appear to include documents related to each investigation identified on the "List." For example, there aren't documents related to the Department of Revenue, Utilities and Transportation Commission, or Transient Accommodations.

### RFP Nos. 18 and 19 – Communications and Documents Exchanged with Current or Former Employees
Please clarify your responses. Which of the communications and documents Mr. Boule produced were exchanged with current or former employees?

### RFP No. 22 – Income Documentation
Please provide records of Mr. Boule's cash earnings since January 1, 2007.

### RFP No. 24 – Assistance
Please clarify your response. Has Mr. Boule applied for any benefits other than Social Security Disability (*e.g.*, public assistance, unemployment, other disability, or workers compensation benefits)? If so, please produce documents relating to those applications.

### RFP No. 29 – Photographs and Videos of Injuries
Please supplement this incomplete response. This RFP didn't seek images of Mr. Boule's alleged injuries that appear in his medical records. If Mr. Boule has any copies of photographs or videos of his alleged injuries, please produce them.

### RFP No. 31 – Transportation Licenses
Mr. Boule's answer is not responsive. Please provide copies of any transportation licenses issued to him or any companies in which he has an ownership interest since January 1, 2007.

### RFP No. 32 – Other Documents
Please supplement this response with the photos Mr. Boule referenced and any other responsive documents.

I look forward to speaking with you. Thank you.

Very truly yours,

MILLS MEYERS SWARTLING P.S.

Nikki C. Carsley

NCC:aka