LAW OFFICES OF
# MILLS MEYERS SWARTLING P.S.

NIKKI C. CARSLEY
ncarsley@millsmeyers.com
(206) 812-7486

1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WA  98104

RECEPTION
(206) 382-1000

FACSIMILE
(206) 386-7343

February 8, 2018

**VIA E-MAIL**

Greg Boos
Cascadia Cross-Border Law
1305 11th St, Ste 301
Bellingham, WA  98225

Re:    *Boule v. Egbert, et al.*
       U.S. District Court for the Western District of Washington
       Case No. 2:17-cv-00106-RSM
       Supplementation of discovery responses

Dear Greg,

Thank you for your letter and e-mail. I have a few follow-up questions and comments.

**Interrog. No. 2 – Residences**
Please clarify your supplementation. Has anyone other than Mr. Poll, Mr. Surowiecki, and Ms. Wolf resided at ▬▬▬▬▬ since January 1, 2007?

**Interrog. No. 4 – Work History**
Mr. Boule didn't assert an overbroad objection to this interrogatory.

**Interrog. No. 8 – Claims for Damages**
There's a typo in the date of the first claim described that's related to one of Mr. Boule's limousines. What year did Titan Insurance pay a claim for damage?

**Interrog. No. 10 – Kaya Fikret**
Please supplement Mr. Boule's incomplete response. As explained in my February 5 letter, the *State v. Jorden* case, 160 Wash.2d 121 (2007), doesn't support Mr. Boule's position that hotel-guest information sought in a civil lawsuit is protected from discovery, nor did Mr. Boule timely lodge this objection anyway.

## EXHIBIT G

Greg Boos
February 8, 2018
Page - 2

**Interrog. No. 18 – Employees**
This response is still incomplete. Mr. Boule needs to make reasonable efforts to identify each person who has worked for him since January 1, 2009, and to locate those persons' contact information and dates of employment. For instance, does Mr. Boule or an accountant have payroll records, including W-2 forms, that provide this information? If such records can't be located, please provide an estimate of the dates of employment of each person identified, so we can prioritize our investigation.

**Interrog. No. 21 – Advertisements**
As you know, there appears to be a typo with regard to the new domain name provided for Smuggler's Inn. According to Mr. Boule's original response to this interrogatory, smugglersinnblaine.com is the domain name that was acquired by an unknown party. What is Mr. Boule's new domain name?

**RFP No. 2 – Social Media**
As you also know, a copy of Mr. Boule's personal Facebook page wasn't included with your letter. We look forward to receiving it.

**RFP No. 31 – Transportation Licenses**
During our discovery conference, you also agreed to supplement Mr. Boule's response to this request within a week, but this request was not discussed in your letter. You previously agreed to confirm in writing that Mr. Boule doesn't have any transportation licenses beyond his Transient Accommodation License and his Business License. Would you please confirm?

**Interrog. No. 1 to Agent Egbert – Residential Addresses and Persons Who Lived with Him**
We stand on our safety objection. You still haven't articulated a legitimate need for this information, particularly given that Mr. Boule already knows the identity of persons present during the incident and immediately afterward and, according to you, also already knows Agent Egbert's address.

Thank you. We look forward to your response and to the remainder of the supplementation you agreed to provide.

Very truly yours,

MILLS MEYERS SWARTLING P.S.

Nikki C. Carsley

cc:     Breean Beggs & Scott Railton