

# PAUKERT & TROPPMANN PLLC
### lawyers

**Breean Beggs**

February 22, 2018

Nikki Carsley
*Via email only at ncarsley@millsmeyers.com*

Re:  Boule v. Egbert

Dear Nikki:

This is a quick summary of our position after our discussion this morning regarding your upcoming motion and some additional supplementation at your request.

**Interrogatories 1, 4, 19 & 20; Requests for Production 9 & 10.**
We both agreed that the information you are still seeking beyond what Mr. Boule has already answered in response to these questions is essentially information that Mr. Boule is withholding due to his understanding of a duty of confidentiality to the United States. I understand that you don't agree with his position on that duty. Mr. Boule has signed a release that he has provided you so that you can obtain that information, but until he receives either permission from the United States or direction from the Court relieving him of that duty, he won't be providing further information in response to those questions. In regards to designation of records in Mr. Boule's possession, he stands by his original privilege log with the exception of the additional item described in Mr. Boule's letter of supplementation dated February 13, 2018.

**Interrogatory 10; Request for Production 6.**
We stand by our previous communication on this issue of lodging guest records and don't believe that Mr. Boule can release those records to you without a court order due to his duties as a hotelier under Washington State law.

**Interrogatories 11-12; Initial Disclosures on Damages**
To further supplement and clarify previous responses, Mr. Boule is not contending that any of his injuries attributed to Mr. Egbert's contact with him and the general damages related to those injuries are continuing or constitute a permanent injury or condition. Mr. Boule signed releases for all medical providers that he believes treated him for his injuries and any identified exacerbations of previous chronic conditions. The majority of Mr. Boule's treatment for his injuries and exacerbation was provided by his family practitioner, Dr. Boustead. In Mr. Boos' February 13, 2018 letter we provided you with the dates of treatment by provider of Mr. Boule's injuries after conducting our own review of the records. In addition, Mr. Boule has provided information in his answers about his recollection of his injuries and particularly his hip condition

# EXHIBIT I

that he believes was alleviated by Dr. Sakahara. Beyond his recollections and our summary of visits by provider, the records speak for themselves and we are not aware of any other records or treatment providers.

In regards to medical bills as damages, we have identified all the bills we believe are directly related to the physical injuries suffered by Mr. Boule, except for the physical therapy visits identified in the February 13, 2018 letter, which were inexplicably not included in the stipulated records and billings. Once we have those bills, we will supplement.

In regards to business losses, we have provided our client's best estimate of damages to date in the February 13, 2018 letter. He is still waiting for his accountant to provide him his tax return for 2017 and further analysis of his potential losses. We have requested that information but been told by the accountant the she is fully occupied by her tax season duties and will not be able to provide the information until April after tax season.

**Confidential Designation**
We agreed that you could submit the letter from Mr. Boos without the "Confidential" watermarks as long as you redacted the language as presented in your email to me.

Best,

*[signature]*

Breean Beggs