UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT BOULE,

    Plaintiff,

v.

ERIK EGBERT, *et al.*,

    Defendants.

Case No. C17-0106RSM

ORDER DENYING EXTENSION OF DISCOVERY DEADLINE

THIS MATTER comes before the Court on Plaintiff's Motion to Extend Discovery and Trial Dates. Dkt. #80. Plaintiff seeks a limited extension of the discovery deadline until July 31, 2018, to serve a subpoena on Border Patrol for records related to Supervisory Border Patrol Officer Kenneth Anderson, and for deposing five witnesses, including Defendant Egbert. *Id.* Although Plaintiff also sought a stay of the current trial date pending the completion of criminal proceedings against him in Canada, he has since withdrawn that request. Dkts. #80 at 5-14 and #86 at 2, fn. 1. He seeks extensions of no other deadlines. Accordingly, this Order addresses only the request for extension of the discovery deadline. Defendant Egbert opposes the motion to reopen discovery, arguing that Plaintiff has not been diligent in seeking such discovery. Dkt. #84. For the reasons discussed herein, the Court now DENIES Plaintiff's motion.

This matter was filed on January 25, 2017. Dkt. #1. The Court issued the Order Setting Trial Date and Related Dates on July 21, 2017, setting the discovery deadline for March 26, 2018. Dkt. #18. Following a motion by Defendant Egbert, the Court subsequently granted a limited extension of the discovery deadline as follows:

ORDER
PAGE - 1

> For the reasons set forth in Defendant's motion, the Court finds good cause for an extension of the discovery deadline for certain areas of discovery. Accordingly, Defendant may resume the deposition of Plaintiff, depose Agents Andersen and Olson, and subpoena certain records from the United States **no later than April 23, 2018**. Although Plaintiff does not object to an extension of the discovery deadline, he does object to the scope and proposed extension. Dkt. #56. However, Plaintiff has failed to propound his own motion, and fails to show good cause for an extension of all discovery. Therefore, **for all discovery other than that identified by this Court above, the discovery deadline of March 26, 2018, applies.**

Dkt. #59 at 2 (emphasis in original).[1] Just over two months later, Plaintiff filed the instant motion. Dkt. #80.

Pursuant to Federal Rules of Civil Procedure 6(b) and 16(b), the Court may extend a deadline for good cause. However, if a motion for an extension is made *after* a deadline, the Court may not extend time absent a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In March, the Court informed Plaintiff that he could make a motion to extend the discovery deadline under the Rule 16 standard. Dkt. #59 at 2. Plaintiff chose not to do so. Instead, he waited until two months after the discovery deadline had passed, and after another motion for extension of the discovery deadline had been made by Defendant, to bring the instant motion. Therefore, the excusable neglect standard applies.

Plaintiff has failed to show excusable neglect. As Defendant notes, Plaintiff was aware of the identity of the witnesses he now wishes to depose prior to filing the lawsuit, and identified them in his own Initial Disclosures. Dkts. #84 at 5-6 and #85, Ex. A. Moreover, Plaintiff did not submit *Touhy* requests for the wtinesses' testimony until early May, after discovery closed. Dkt. #84 at 6. Plaintiff also fails to explain how the documents he received on March 30 are

---

[1] Defendant Egbert also filed a subsequent motion to compel the continued depositions of Plaintiff and Agent Olson, which was granted. Dkt. #77. That motion also resulted in a new trial date of October 1, 2018, and new dispositive motion deadline of July 5, 2018. Dkt. #79.

ORDER
PAGE - 2

relevant to the depositions and subpoena he seeks now, and why he could not have scheduled depositions prior to the discovery deadline without that information.[2] *See* Dkt. #81 at ¶ 8.

Accordingly, having reviewed the motions, the responses thereto and replies in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Extend Discovery and Trial Dates (Dkt. #80) is DENIED.

DATED this 11 day of June 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff asserts that he did could not ascertain all of the matters to be asked in depositions until he received the Internal Affairs Report of Investigation. Dkt. #81 at ¶ 10. However, this does not explain why he could not have moved for an extension of discovery prior to the expiration of the discovery deadline, particularly when he had document requests outstanding.

ORDER
PAGE - 3