UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT BOULE,

        Plaintiff,

   v.

ERIK EGBERT, *et al.*,

        Defendants.

Case No. C17-0106RSM

ORDER GRANTING IN PART DEFENDANT EGBERT'S SUPPLEMENTAL MOTION FOR FEES AND COSTS

## I.    INTRODUCTION

This matter comes before the Court on Defendant Egbert's Supplemental Motion for Fees and Costs. Dkt. #90. This Court previously granted Defendant's request for the reasonable fees and costs he incurred to bring a motion to compel, and the reasonable fees and costs he would incur to take the resumed depositions of Mr. Boule and Agent Olson, from non-parties U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE"). Dkt. #77. The Court directed Defendant to file a supplemental motion setting forth the fees and costs requested, along with the proper support for those fees and costs. *Id.* Although the Court also allowed Plaintiff and the non-parties to respond as to the reasonableness of the fees and costs requested, neither Plaintiff nor the non-party Agencies filed a response. Pursuant to this Court's Local Civil Rules, "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). The Court deems Plaintiff's and the Agencies' failure

ORDER
PAGE - 1

to respond to Defendant Egbert's supplemental motion to be such an admission in this case. For the reasons discussed below, the Court now GRANTS IN PART Defendant's motion.

## II. DISCUSSION

### A. Legal Standard

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

### B. Reasonableness of Rates

The Court first examines the hourly rate for time billed by his counsel requested by Defendant. Defendant seeks a billing rate of $280 per hour for the work performed by attorney Geoffrey M. Grindeland, and $240 per hour for the work performed by attorney Nikki Carsley, both of whom work for the firm Mills Meyers Swartling, P.S. Dkt. #91 at ¶ 3. "The party seeking

fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting . . . the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley,* 461 U.S. at 433). In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979* (9th Cir. 2008) (vacating award of attorneys' fees in Fair Debt Collection Practices Act case where district court failed to identify the relevant community or address the prevailing market rate).

In this case, Defendant has not presented evidence supporting the reasonableness of the rates requested in this market. *See* Dkt. #91. However, given the Court's familiarity with the market and the rates typically charged by experienced attorneys in these types of cases, the Court finds the requested rates to be reasonable. The Court also notes that neither Plaintiff nor the non-party Agencies challenge the hourly rates requested by Defendant.

///

///

ORDER
PAGE - 3

## C. Reasonableness of Hours

The Court now turns to the reasonableness of the hours requested. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Likewise, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949.

Defendant has presented a summary description of the time spent related to its prior motion to compel and the continued depositions and discovery at issue in that motion. Dkt. #91-1. While neither Plaintiff nor the non-party Agencies have objected to the hours requested, the Court has independently reviewed Defendant's attorneys' billing summary. Dkt. #91-1. The Court finds all time requested to be reasonable, with the exception of a few time entries which appear to be more administrative than substantive in nature. Specifically, the time reflects the revision and service of deposition notices and communication with the court reporter to order a hearing transcript, which are job functions typically performed by administrative staff. Accordingly, the Court will deduct the following time from its award of attorney's fees:

| Date | Name | Hours | Amount |
|---|---|---|---|
| 4/5/2018 | Grindeland | 0.1 hrs | $28.00 |
| 4/6/2018 | Grindeland | 0.1 hrs | $28.00 |

| | | | |
|---|---|---|---|
| 5/15/2018 | Grindeland | 0.1 hrs | $28.00 |
| 5/18/2018 | Carsley | 0.1 hrs | $24.00 |
| 5/29/2018 | Grindeland | 0.1 hrs | $28.00 |

In addition, the Court finds the following time to be unreasonable and/or administrative in nature based on the description of the work performed provided by Defendant:

| | | | |
|---|---|---|---|
| 4/5/2018 | Grindeland | 8.9 hrs - 50% | $1,246.00 (unreasonable/duplicative) |
| 4/5/2018 | Grindeland | 0.3 hrs | $84.00 (administrative in nature) |
| 4/20/2018 | Grindeland | 5.5 hrs – 50% | $770.00 (unreasonable/duplicative) |

As a result, the Court will award a total of **$10,444.00** in attorney's fees ($12,680 – $2,236 = $10,444.00) for the work performed by defense counsel with respect to the motion to compel and discovery at issue therein.

### D. Lodestar Adjustment

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent working on the motion to compel and related discovery and does not find it necessary to make any lodestar adjustments.

### E. Costs

Defendant also seeks an award of costs in this matter in the amount of $1,242.95. Of the costs requested, the Court will award **$63.05** for the transcription of the March 2nd hearing. Dkt. #91-1. The Court finds the other costs are not adequately supported. Defendant Egbert does not explain why the transcription and videography costs were any different than those that would have been incurred if the depositions had been taken all in one day as opposed to being taken over two days. Indeed, counsel's Declaration is silent as to the requested costs (other than the chart setting them forth), and the motion simply states that the costs are being requested. *See*

Dkts. #90, #91 and #91-1. Likewise, with respect to the request for Agent Olson's witness fee check, Defendant fails to explain why he is requesting that cost. *Id.* Accordingly, the Court awards costs in the amount of **$63.05**.

### III. CONCLUSION

Having considered Defendant's Supplemental Motion for Fees and Costs, the Declarations and Exhibits in support thereof, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's motion (Dkt. #90) is GRANTED IN PART AND DENIED IN PART for the reasons discussed above. Defendant Egbert is awarded **attorney's fees in the amount of $10,444.00 and costs in the amount of $63.05, for a total award of $10,507.05.**

Customs and Border Protection and Immigration and Customs Enforcement SHALL reimburse Agent Egbert and his insurer in this amount, made payable to "Mills Meyers Swartling P.S. In Trust for Erik Egbert" **no later than 30 days from the date** of this Order.

DATED this 27 day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE