IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT BOULE,

        Plaintiff,

  v.

ERIK EGBERT, *et al.*,

        Defendants.

Case No. C17-0106 RSM

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion for Summary Judgment. Dkts. #102 (filed under seal) and #107.[1] Defendant seeks the dismissal of all claims made against him as a matter of law. *Id.* Plaintiff agrees that some claims may be dismissed, but argues that disputes as to material questions of fact preclude summary judgment on his First Amendment retaliation claim. Dkts. #135 (filed under seal) and #140. For the reasons set forth below, the Court disagrees with Plaintiff and GRANTS Defendant's motion.

///

## II. BACKGROUND

---

[1] The Court previously resolved the portion of Defendant Egbert's motion regarding Plaintiff's Fourth Amendment claim. Dkt. #154. In addition, Defendant had moved for summary judgment on his Anti-SLAPP counterclaim, but has since voluntarily dismissed that claim. Dkt. #151. Thus, this Order addresses only the remaining portions of the motion.

ORDER– 1

Plaintiff initially filed this action on January 5, 2017. Dkt. #1. He filed an Amended Complaint on September 6, 2017. Dkt. #22. The allegations arise from an interaction with Defendant Erik Egbert, a United States Customs and Border Protection ("CBP") Officer, on March 20, 2014. *Id.*

Plaintiff resides in a house immediately adjacent to the U.S./Canada border. Dkt. #99 at ¶ 4 (filed under seal). The house and its driveway are accessed by a one-lane private dirt road that connects to a paved public street. *Id.* at ¶ 5. Plaintiff and Defendant appear to agree that this property is in an area known for cross-border smuggling of people, drugs, illicit money and items of significance to criminal organizations. *Id.* at ¶ 7 and Dkt. #108 at ¶ 10. In addition to living in the home, Plaintiff operates a bed and breakfast, which is known as the Smuggler's Inn. Dkts. #99 at ¶ 4 and #108 at ¶ 6.

Plaintiff has posted a sign at the intersection of the private dirt lane that leads to his home and the paved public street that reads:

> Welcome to Smuggler's Inn
> Guests Only
> Private Property
> No Trespassing

Dkt. #99 at ¶ 16 and Ex. 5 thereto. There is conflicting evidence in the record as to when that sign was posted. Defendant Egbert asserts that the sign was not posted as of March 20, 2014. Dkts. #130 at ¶ 23 and #133 at ¶ 23 (filed under seal). A friend of Plaintiff's states that the sign has been posted for the last six or seven years. Dkt. #148 at ¶ 11.

---

In addition, the Court notes that a number of documents in this matter have been filed under seal, with redacted versions available publicly. To the extent possible, the Court will reference only information available in the public documents.

ORDER– 2

On March 20, 2014, Defendant Egbert drove down the dirt lane into Plaintiff's driveway. Dkts. #108 at ¶ 29 and #130 at ¶ 24. A photo of Plaintiff's property depicts the drive way immediately adjacent to Plaintiff's home, surrounded on to sides by a tall wooden fence. Dkts. #98, Ex. 4 and #108, Ex. A. Earlier that day, Defendant Egbert had learned through conversation with Plaintiff of a guest arriving from Turkey who had booked a room at Smuggler's Inn for that evening. Dkt. #130 at ¶ 30. Plaintiff informed Agent Egbert that the guest had arrived in New York via air from Turkey the night before, and had then flown to SEA-TAC airport that day. Dkts. #94 at 4-5 and #99 at ¶ 10. Two persons employed by Plaintiff had driven to SEA-TAC airport in one of Plaintiff's vehicles to pick up the guest and transport him to Smugglers Inn. Dkt. #99 at ¶ 10. As the vehicle returned, driving down the lane and coming to a stop in the Plaintiff's driveway, Defendant Egbert followed in his Border Patrol vehicle, entering Plaintiff's driveway and parking immediately behind the vehicle. Dkts. #108 at ¶ 29 and #130 at ¶ 24.

The driver exited while the guest remained seated in the vehicle. According to Defendant Egbert, when he approached the vehicle, the driver gave him permission to talk to the guest, Mr. Kaya. Dkts. #108 at ¶ 32 and #130 at ¶ 24. However, Plaintiff, who was on a nearby porch, told Defendant Egbert he was trespassing and asked him to leave his property. Dkts. #99 at ¶ 10 and #108 at ¶¶ 33-34. Defendant Egbert was "puzzled" by the behavior. Dkt. #108 at ¶ 35.

What happened next is not largely in dispute. The parties agree that Agent Egbert did not leave when asked to do so by Plaintiff. Dkt. #108 at ¶¶ 33-34. The parties also agree that Plaintiff moved between Defendant and the vehicle in which the passenger was seated. *Id.* Defendant Egbert states that he informed Plaintiff he (Egbert) wanted to speak

ORDER– 3

with the guest about his immigration status. *Id.* at ¶ 34. The parties dispute what level of force, if any, was used for Agent Egbert to access the vehicle, but the parties agree that Agent Egbert opened the vehicle door and asked the guest about his status in the country. *Id.* at ¶ ¶ 37-38. The parties agree that Defendant Egbert confirmed that the guest was legally in the country and then allowed Plaintiff to escort the guest into his home. *Id.* at ¶ ¶ 40-41. The instant action followed.

### III. DISCUSSION

**A. Legal Standard on Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

ORDER– 4

evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

### B. Plaintiff's Fourteenth Amendment and State Law Negligence Claims

As an initial matter, the Court addresses Plaintiff's federal Fourteenth Amendment claim and state law negligence claim. Defendant Egbert has moved to dismiss the claims on the basis that neither is cognizable against him. Dkt. #107 at 19-20 and 21-23. Plaintiff responded that he agreed those claims should be dismissed. Dkt. #140 at 19. Accordingly, the Court DISMISSES those claims in their entirety.[2] Because Plaintiff's Fourth Amendment claim and Defendants' Anti-SLAPP counterclaim have also been resolved, the only remaining claim at issue is Plaintiff's federal First Amendment claim, which the Court now addresses.

### C. Plaintiff's First Amendment Claim

Plaintiff alleges in his Amended Complaint that as a result of his complaint to Defendant Egbert's superiors regarding the incident in his driveway with his guest, Agent Egbert has retaliated against him. Dkt. #22 at ¶ 16. Plaintiff asserts that this retaliation has occurred in the form of intimidation and slander to potential guests causing them to refrain from staying at the bed and breakfast, unsubstantiated complaints to the Internal Revenue Service that Plaintiff had not properly accounted for income received, intentionally parking marked enforcement vehicles near the bed and breakfast for no legitimate purpose in order to discourage business, unjustified complaints to other regulatory agencies, and detaining Mr. Boule's employees for questioning without legal justification. Dkt. #22 at ¶ 17. As a

---

[2] Plaintiff also agrees that any claim he made for attorney's fees should also be dismissed. Dkt. #140 at 19.

ORDER– 5

result, Plaintiff asserts a *Bivens*[3] claim against Defendant Egbert on the basis that Defendant's actions violated his First Amendment rights. *Id.* at ¶ ¶ 18 and 20. Defendant Egbert moves for summary judgment dismissal of this claim on the basis that allowing this claim to proceed would be an unwarranted extension of *Bivens* into a new context. Dkt. #107 at 12. For the reasons discussed below, the Court agrees with Defendant.

In 1971 the United States Supreme Court decided *Bivens*. In that case, the Court held that, even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures. *Bivens*, 403 U.S. at 397. The Court acknowledged that the Fourth Amendment does not provide for money damages "in so many words." *Id.* at 396. However, the Court noted that Congress had not foreclosed a damages remedy in "explicit" terms and that no "special factors" suggested that the Judiciary should "hesitat[e]" in the face of congressional silence. *Id.* at 396-97. The Court held that it could authorize a remedy under general principles of federal jurisdiction. *See id.* at 392 (citing *Bell* v. *Hood*, 327 U.S. 678, 684, 66 S. Ct. 773, 90 L. Ed. 939 (1946)).

Since then, the U.S. Supreme Court has made clear that expanding the *Bivens* remedy is now a "disfavored" judicial activity, in recognition that it has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Correctional Services Corp.* v. *Malesko*, 534 U. S. 61, 68, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). The Court has recently set forth the proper test for determining whether a case presents a new

---

[3] Referring to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

ORDER– 6

*Bivens* context. *Ziglar v. Abbasi*, __ U.S. __, 137 S. Ct. 1843, 1859-60, 198 L. Ed.2d 290 (2017).

> If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new. Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive. A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* In determining whether a *Bivens* remedy should be recognized in that case, the Court in *Abbassi* compared the respondents' claims to already recognized *Bivens* claims and noted that a new context arises in cases where "even a modest extension" exists. *Id.* at 1864.

The U.S. Supreme Court has only recognized a *Bivens* remedy in the context of the Fourth, Fifth, and Eighth Amendments. *Abbasi*, 137 S.Ct. at 1860 (noting that the Supreme Court has approved three *Bivens* claims in the past: "a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma.") (internal citations omitted). Moreover, the Supreme Court has never implied a *Bivens* action under any clause of the First Amendment. *See Reichle v. Howards*, 566 U.S. 658 n.4, 132 S. Ct. 2088, 182 L. Ed. 2d 985 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). While the Ninth Circuit previously has authorized *Bivens* claims based on the First Amendment, *see Gibson v. United States*, 781 F.2d 1334 (9th Cir. 1986), *Abbasi* provides that the proper test involves a consideration of

ORDER– 7

*Bivens* cases decided by the Supreme Court, not by the Courts of Appeals. *Abbasi*, 137 S.Ct. at 1859. Thus, prior Ninth Circuit decisions are not controlling. Accordingly, the Court finds that Plaintiff's First Amendment claim clearly presents a new context in *Bivens*. As a result, the Court is required to consider any special factors counseling against extension of *Bivens* into this area, including whether there is any alternative, existing process for protecting Plaintiff's interests.

Plaintiff argues that special factors support the extension of his claim "because the retaliation and associated harms are directly connected to the Fourth Amendment claims." Dkt. #140 at 13. However, as the Court previously determined for the reasons set forth by Defendant, Plaintiff's *Bivens* claims raise significant separation-of-powers concerns by implicating the other branches' national-security policies. *See* Dkts. #143 at 4-5 and #154 at 10-11.

> "The Supreme Court has never implied a *Bivens* remedy in a case involving the military, national security, or intelligence." *Hernandez v. Mesa*, 885 F.3d 881, 818–19 (5th Cir. 2018). This Court agrees that the risk of personal liability would cause Border Patrol agents to hesitate and second guess their daily decisions about whether and how to investigate suspicious activities near the border, paralyzing their important border-security mission. *See Abbasi*, 137 S. Ct. at 1861. Likewise, the Court agrees that Congress is in the best position to evaluate the costs and benefits of a new legal remedy, particularly when it has already granted Border Patrol broad authority to secure the international border without providing a damages remedy for claims arising in that context. *See Abbasi*, 137 S. Ct. at 1857–58 and 1862.

Dkt. #154 at 10-11. Thus, the Court again finds that Plaintiff attempts an impermissible *Bivens* claim in a new context, and that special factors preclude such a claim. The Court therefore declines to address Defendant's alternative qualified immunity argument.

## IV. CONCLUSION

Having reviewed Defendant's motion for summary judgment, the opposition thereto and reply in support thereof, along with the supporting Declarations and Exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant Egbert's Motion for Summary Judgment (Dkt. #102) is GRANTED and the remainder of Plaintiff's claims will be dismissed against Defendant Egbert in their entirety.

2. This matter is now CLOSED.

DATED this 24th day of August 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE